■ In the Matter of the PEOPLE OF THE STATE OF NEW YORK, Petitioner, v JUDGES OF THE COUNTY COURT OF THE COUNTY OF OSWEGO et al., Respondents.—Petition unanimously granted, without costs, and order of prohibition entered. Memorandum: Petitioner initiated this article 78 proceeding in the Appellate Division. It challenges respondents' power to issue an order divesting the Town Court of Amboy of jurisdiction over a prosecution of intervening defendants and transferring the matter to County Court. The Town Court information charges the intervening defendants with a violation of ECL 27-0301 (subd 1), disposing of waste contrary to his certificate of registration. He moved to transfer the case to County Court and waived prosecution by indictment, a waiver which was not permissible under the facts of this case (see CPL 195.10). Nevertheless, the prosecution might properly proceed in County Court if the offense charged is a misdemeanor, for County Court has concurrent trial jurisdiction of misdemeanors with local criminal courts. County Court has trial jurisdiction of petty offenses only when such offenses are charged in an indictment which also charges a crime (CPL 10.20, subd 1, par [c]). The penalty for violation of ECL 27-0301 (subd 1) is found in ECL 71-1503 which provides that any person violating that section shall be guilty of a misdemeanor and punishable by a fine not to exceed $1,000. ECL 71-1503 must be read with section 55.10 of the Penal Law (see ECL 71-0101) which provides that any offense defined outside of the Penal Law shall be deemed a violation even if not expressly designated a violation and notwithstanding any other designation specified in the law if a sentence to a term of imprisonment "which is not in excess of fifteen days is provided therein, or the only sentence provided therein is a fine". Respondents contend that the proceeding was a misdemeanor which could be transferred to County Court, not only because it was designated as a misdemeanor by ECL 71-1503 but because the intervening defendant was subject to as much as 100 days in jail under the provisions of ECL 71-0515. ECL 71-0515 provides: "A person convicted of a misdemeanor under the provisions of this chapter listed in section 71-0501 [which includes title 3 of article 27] or under titles 5 through 15 inclusive and title 33 of this article, *except as otherwise provided herein,* shall be punished by a fine of not less than ten dollars nor more than one hundred dollars. *If any fine imposed under this section be not paid, the person convicted shall be imprisoned in a county jail or penitentiary until such fine is satisfied; which imprisonment shall be at the rate of one day for every ten dollars of such fine.* Whenever, under this section imprisonment is required for failure to pay a fine, such fine may be partly paid in cash by a person, and if so partly paid the imprisonment shall be for a length of time sufficient only to satisfy the unpaid balance of the fine imposed at the rate provided herein." (Emphasis added.) ECL 71-0515 is a general provision for violations of the ECL where no other violation is expressly provided. ECL 71-1503 is limited

to violations such as that defendant is charged with in this information. By specific exception, the penalty provided by ECL 71-1503 is to prevail over that provided in ECL 71-0515 under the facts of this case and the only penalty authorized is that contained in ECL 71-1503. The jail provision in ECL 71-0515 is limited to fines authorized under that section. Inasmuch as a violation of ECL 27-0301 (subd 1) is not punishable by a term of imprisonment exceeding 15 days, the offense is a violation and not a misdemeanor, and County Court is without jurisdiction in this case. (Article 78—prohibition.) Present—Marsh, P. J., Moule, Cardamone, Simons and Dillon, JJ.